of race. The question of whether Virginia should remain subject to the extensive consequences of continuing federal oversight under the Act, in a case where the conceded prima facie showing suggests the absence of any demonstrable need for such oversight, warrants plenary consideration by this Court. This is especially true in view of the dubious relevance of the grounds relied upon by the District Court to overcome Virginia's prima facie showing.* The fact that under the language of the present Act Virginia may well escape from federal tutelage sometime this year makes the case of less importance to her than it otherwise might be. But while this would be a sound reason for denying certiorari, it does not justify the Court's summary affirmance of the judgment of the District Court.

No. 73–5804. GILBERT v. LOUISIANA. Appeal from Sup. Ct. La. dismissed for want of substantial federal

---

*The only "literacy test" employed in Virginia was a requirement that a person wishing to register to vote "make application to register in his own handwriting, without aid, suggestion, or memorandum," using for this purpose a standard, relatively simple form. No literacy test of any kind has been required since 1965. The District Court believed that it could infer that the Virginia requirement had a discriminatory effect in 1963–1965 because the registration rate of Negro citizens was 10% lower than the rate among whites. But there was a differential of 11.5% in the Nation as a whole in 1966, the year following passage of the Act. U. S. Bureau of the Census, Current Population Reports, Series P–20, No. 208 (1970).

The residual impact of segregated schools, also relied upon by the Court of Appeals, is a condition not peculiar to Virginia or even to the limited number of States covered by the Act. If the consequences of segregated education were the justification for the Act, it would have embraced all of the substantial number of States in various sections of the country which have segregated schools. See, e. g., Milliken v. Bradley, 418 U. S. 717 (1974); Keyes v. School District No. 1, Denver, Colorado, 413 U. S. 189 (1973).

question. See *Daniel* v. *Louisiana, ante,* p. 31. ▮

No. 73–6598. STUBBLEFIELD v. TENNESSEE. Appeal from Ct. App. Tenn. dismissed for want of substantial federal question. See *Daniel* v. *Louisiana, ante,* p. 31.

No. 74–5280. DEVALL ET UX. v. LOUISIANA. Appeal from Sup. Ct. La. dismissed for want of substantial federal question. See *Daniel* v. *Louisiana, ante,* p. 31.

No. 74–254. SPANNAUS, ATTORNEY GENERAL OF MINNESOTA, ET AL. v. HODGSON ET AL. Appeal from D. C. Minn. dismissed for want of jurisdiction. An order granting only a declaratory judgment may not be appealed to this Court under 28 U. S. C. § 1253. *Mitchell* v. *Donovan,* 398 U. S. 427 (1970). It is of no consequence that a preliminary injunction was continued in effect until determination of this appeal, since no appeal was taken from the preliminary injunction. MR. JUSTICE BLACKMUN took no part in the consideration or decision of this case.* ▮

No. 74–613. CHAMBER OF COMMERCE OF THE UNITED STATES v. FRANCIS ET AL. Appeal from D. C. Md. Motion of appellee Francis for leave to proceed *in forma pauperis* granted. Appeal dismissed for want of jurisdiction. ▮

No. 74–681. ALEXANDER ET AL. v. D'ALLESANDRO. Appeal from Ct. App. N. Y. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 74–693. MAHONEY ET AL. v. BOARD OF APPEALS OF WINCHESTER ET AL. Appeal from Sup. Jud. Ct. Mass. dismissed for want of substantial federal question. ▮

*See also note, *supra,* p. 901.